**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **AUTOLOXER LLC,**<br><br>Plaintiff,<br>v.<br><br>**YANMAR AMERICA CORPORATION,**<br><br>Defendant. | CIVIL ACTION NO. 2:16-cv-143<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Autoloxer LLC files this Original Complaint for Patent Infringement against Yanmar America Corporation and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff Autoloxer LLC ("Autoloxer" or "Plaintiff") is a Texas limited liability company with its principal place of business in the Eastern District of Texas at 2150 South Central Expressway #200, McKinney, Texas 75070.

2. On information and belief, Defendant Yanmar America Corporation ("Defendant") is a Georgia corporation with a place of business at 101 International Parkway, Bartow, Adairsville, GA, 30103.

## II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at

least to its substantial business in this forum, including at least a portion of the infringements alleged herein.

5. Without limitation, on information and belief, within this state, Defendant has used and/or sold the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this District. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in the State of Texas and in this District. Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sales of the accused instrumentality from within the State of Texas and within this District. Defendant has committed such purposeful acts and/or transactions in the State of Texas and in this District such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Defendant has sufficient contacts with the State of Texas and this District such that this Court is a fair and reasonable venue for the litigation of this action. On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case. In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts and is subject to personal jurisdiction in this District for at least the reasons identified above, including due at least to its sale and offer for

sale of the Accused Instrumentality (defined below) within the State of Texas and from this District.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,084,735)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On August 1, 2006, United States Patent No. 7,084,735 ("the '735 Patent") was duly and legally issued by the United States Patent and Trademark Office. The '735 Patent is titled "Remote Vehicle Security System." A true and correct copy of the '735 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Autoloxer is the assignee of all right, title and interest in the '735 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '735 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '735 Patent by Defendant.

11. The '735 Patent has been cited as prior art during the prosecution history of subsequently-issued United States patents, including patents assigned to Polaris Industries Inc. and Caterpillar Inc.

12. **Direct Infringement.** Upon information and belief, Defendant has been and now is directly infringing at least claim 1 of the '735 patent in the State of Texas, in this District, and elsewhere in the United States, by actions comprising making, using, selling and/or offering for sale vehicles with Yanmar Smart Assist ("Accused Instrumentality"), including but not limited to the ViO25-6 with Smart Assist, ViO45/55-6 with Smart Assist, and VIO80 with Smart Assist

and/or similar functionality, which include a system for limiting performance of a vehicle comprising a first controller located aboard said vehicle and configured to control, in accordance with a stimulus originating from a location local to the vehicle, to a first operational performance characteristic; a command device located remotely from the vehicle and configured to send a control signal via a wireless communication network; a receiving device located aboard said vehicle and configured to receive said control signal; and a second controller located aboard the vehicle and configured to limit, in response to said control signal, said control of said vehicle to a second operational performance characteristic when said stimulus indicates to said first controller to control said vehicle to the first operational performance characteristic; wherein said second controller is further configured to (i) transmit to said first controller, responsive to said control signal, a vehicle limitation command message to place said vehicle in a vehicle limitation mode, and (ii) cause a vehicle limitation flag to be stored in non-volatile memory, and wherein said vehicle limitation flag is indicative of maintaining said vehicle in said vehicle limitation mode.

13. The Accused Instrumentality is a system for limited performance of a vehicle. The Accused Instrumentality allows consumers to control the vehicle movements using a controller remote from the vehicle.

14. The Accused Instrumentality includes a first controller, for example, a joystick in the vehicle that responds to stimulus on the controls within the vehicle to control the vehicle. The Accused Instrumentality includes an interface box (*i.e.*, a command device) located remote from the vehicle. The device is configured to send a control signal wirelessly to the vehicle via communication link, for example to set limits for boom height and arm retraction. The Accused Instrumentality includes a receiving device, such as the communication terminal, in the vehicle

capable of receiving a control signal. The receiving device in the vehicle includes a receiver capable of receiving the control signal from the remote control site.

15. The Accused Instrumentality has a second controller (*e.g.*, the electronics of the vehicle that receives the signal from the remote control and adjust limits boom height and location in response to the signal) that is configured to transmit to first controller (e.g., the system that responds to stimulus to the inbound vehicle controls) a vehicle limitation command to prevent the first controller from responding to the stimulus, for example if the first controller seeks to exceed the limit set for boom height or arm retraction. The second controller is configured to cause a vehicle limitation flag to be stored in non-volatile memory because losing power will not eliminate the vehicle limitation flag indicative of maintaining the vehicle in vehicle limitation mode.

16. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '735 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17. On information and belief, Defendant will continue its infringement of one or more claims of the '735 patent unless enjoined by the Court. Each and all of the Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

18. On information and belief, Defendant has had at least constructive notice of the '735 patent by operation of law, and there are no marking requirements that have not been complied with.

## VI. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 7,084,735 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 7,084,735; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 16, 2016

Respectfully submitted,

*/s/ David R. Bennett*

By: David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

**ATTORNEY FOR PLAINTIFF AUTOLOXER LLC**